HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.

CROSS v. MARZALL, Commissioner of Patents.

Civ. A. No. 4608–4.7.

United States District Court
District of Columbia.

April 24, 1950.

A. Yates Dowell, Washington, D. C., for plaintiff.

E. L. Reynolds, Solicitor, Washington, D. C., H. S. Miller, Attorney, Washington, D. C., for defendant.

MORRIS, District Judge.

This is a proceeding under Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, in which the plaintiff seeks to have this Court adjudicate that he is entitled to receive a patent for his claimed invention as specified in claims 1 to 13, inclusive, involved in these proceedings, and authorization for the Commissioner of Patents to issue such patent. This claimed invention relates to a portable electric cooking utensil, and more particularly to certain improvements claimed to be invention over the prior art. The claims here involved were denied by the Examiner in the Patent Office, whose action was affirmed by the Board of Appeals. The patent references cited as showing that the claims are not patentable over the prior art are: Blake, patent No. 2,128,738, Clark, patent No. 1,-681,099, Doherty, patent No. 1,990,640, Kuhn, patent No. 756,242, Park, patent No. 2,233,485, and Thomas, patent No. 1,678,885.

From an examination of the statement of the Examiner and the opinion of the Board of Appeals, both of which discuss the features of the prior patents which are found in the plaintiff's claims, it seems quite clear that the references do preclude the issuance of a patent as sought by the plaintiff. It is urged that it is not permissible to reject a patent application where a large plurality of references are required to show anticipation of said claimed invention. I quite agree that in many instances there can be made use of matters known to the prior art when they are brought together to perform a new and useful purpose or function which they could not otherwise per-

382.

form, but here I do not consider that such bringing together does perform any new and useful purpose coming within the category of invention, and I must conclude that the plaintiff is not entitled to the relief sought.

Counsel will prepare and submit appropriate order to carry this conclusion into effect.